**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **SAMUEL AMEZQUITA MORALES** | § | |
| *Plaintiff,* | § | **Civil Action No3:20-cv-3580** |
| | § | |
| **v.** | § | |
| | § | |
| **KEVIN LOUIS HILL &** | § | |
| **ASHLEY DISTRIBUTION SERVICES, LTD.,** | § | |
| *Defendants.* | § | |

**INDEX OF STATE COURT FILINGS**

| Exhibit | Filing | Date Filed in State Court |
|---|---|---|
| B-1 | Plaintiffs' Original Petition | 8/28/20 |
| B-2 (No document) | Citation Issued - Ashley Distribution Services, Ltd. | 8/31/20 |
| B-3 (No document) | Citation Issued – Kevin Louis Hill | 8/31/20 |
| B-4 | Defendants' Answer to Plaintiff's Original Petition | 11/30/20 |
| B-5 | Citation Returned – Ashley Distribution Services (Executed on 11/06/20) | 11/30/20 |

# EXHIBIT B-1

DC-C202000497 - Johnson County - 413th District Court

Case 3:20-cv-03580-E   Document 1-2   Filed 12/07/20   Page 3 of 26   PageID 9: 8/28/2020 2:02 PM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Jennifer Vassar, Deputy

CAUSE NO. DC-C202000497

| | | |
|---|---|---|
| SAMUEL AMEZQUITA MORALES, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | ____ JUDICIAL DISTRICT |
| | § | Johnson County - 413th District Court |
| KEVIN LOUIS HILL & | § | |
| ASHLEY DISTRIBUTION | § | |
| SERVICES, LTD. | § | |
| | § | |
| *Defendants* | § | JOHNSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Samuel Amezquita Morales, Plaintiff** herein and files this Original Petition complaining of **Defendants, Ashley Distribution Services, LTD. and Kevin Louis Hill,** (collectively hereinafter called Defendants), and for cause of action could show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190.3 TEX. R. CIV. P., Plaintiff, **SAMUEL AMEZQUITA MORALES,** asserts that discovery should be conducted in this case under level 2.

### II.
### PARTIES

2.      Plaintiff **SAMUEL AMEZQUITA MORALES** is an individual residing in the state of Texas whose Social Security number is XXX-XX-X231, and whose Texas Driver's License number is XXXXX264.

2.1      Defendant, **Ashley Distribution Services, LTD.** is a corporation doing business in Texas and may be served with citation and a copy of Plaintiff's Original Petition through its registered agent, **Corporation Service Company**, 8040 Excelsior Dr. Suite 400, Madison, WI, 53717.

*Plaintiff's Original Petition with Request for Disclosures to Defendants*          *Page 1*

Pursuant to Rule 28 of the Texas Rules of Civil Procedure, if some other individual(s), partnership(s), corporation(s), association(s), or business entity(s) of any type are owned and/or operated under the name or names of the above Defendants, Plaintiff hereby demands that the appropriate entity be substituted.

2.2    Defendant, **KEVIN LOUIS HILL** is an individual residing in Texas and may be served with citation and a copy of Plaintiff's Original Petition at his residence 4732 Kristie Lane, Balch Springs, TX 75180 or wherever he may be found.

### III.
### JURISDICTION AND VENUE

3.    Venue is proper in Johnson County, Texas pursuant to § 15.002 et. seq of the Texas Civil Practices and Remedies Code since all or part of the cause of action occurred in Johnson County, Texas. Furthermore, this Court has jurisdiction over this lawsuit as the amounts sought herein are within the jurisdictional limits of this court. While amounts of damages to be awarded will be the decision made by a jury of the Plaintiff's peers, to comply with T.R.C.P. 47, as revised, Plaintiff states that he is seeking damages pursuant to Rule 47 (c)(2).

### IV.
### FACTS

4.    Plaintiff, **Samuel Amezquita Morales** would show this Honorable Court that on or about March 25, 2019, Plaintiff, **Samuel Amezquita Morales** was operating a vehicle in obedience with applicable traffic laws on US Hwy 67, Alvarado, Johnson County, Texas. Defendant, **Kevin Louis Hill** was operating a company vehicle in the course and scope of his employment, travelling in front of Plaintiff's vehicle. Defendant, **Ashley Distribution Services, LTD.** entrusted Defendant, **Kevin Louis Hill** to operate the company vehicle. Defendant, **Ashley Distribution Services, LTD.**, failed to properly inspect and maintain the company vehicle.   The drive shaft of the

*Plaintiff's Original Petition with Request for Disclosures to Defendants*                    *Page 2*

company vehicle became dislodged and fell into the street in front of Plaintiff **Samuel Amezquita Morales'** vehicle, causing him to veer to the right and hit the median. As the direct and proximate result of this collision, Plaintiff **Samuel Amezquita Morales** suffered personal injuries and damages as will be set forth more fully herein.

## V.
## SPECIFIC NEGLIGENCE OF KEVIN LOUIS HILL

5.   Plaintiff would show this Honorable Court and Jury that at the time of the occurrence in question, **Defendant Driver, Kevin Louis Hill** who was in course and scope of his employment with **Ashley Distribution Services, LTD.,** was guilty of various acts and omissions, each of which constituted negligence as a matter of law or at common law, and each of said acts and omissions, whether singularly or combined, jointly or severally, being a proximate cause of the occurrence in question. Said acts and omissions include, but are not limited to, the following:

      (1) Failure to properly inspect the vehicle to ensure it was safe to operate as a person using ordinary care would have done;

      (2) Failure to ensure that all parts and accessories were in a safe an proper operating condition at all times as a person using ordinary care would have done;

      (3) Failure to repair any defect or deficiency which would be likely to affect the safety of operation of the vehicle;

      (4) Failure to notify his employers about an unsafe condition on the vehicle as a person using ordinary care would have done;

6.   That each and all of the foregoing acts and/or omissions of negligence, taken individually, collectively, or in any combination, were directly and proximately a cause of the serious, permanently, and disabling bodily injuries and damages sustained by the PLAINTIFF.

## VI.
## RESPONDEAT SUPERIOR

7.    Under the doctrine of Respondeat Superior, **Ashley Distribution Services, LTD.**, as employer of Defendant, **Kevin Louis Hill**, is vicariously liable for the torts that **Kevin Louis Hill**, its employee, committed in the course and scope of his employment. The incident on March 25, 2019, made the basis of this lawsuit was committed in the course and scope of **Kevin Louis Hill's** employment with **Ashley Distribution Services, LTD.**

## VII.
## NEGLIGENT ENTRUSTMENT

8.    Plaintiff would show that at the time of the collision in question, **Ashley Distribution Services, LTD.** was the owner of a commercial vehicle being driven by Defendant Driver, **Kevin Louis Hill.** Plaintiff would also show that vehicle that was driven by Defendant, **Kevin Louis Hill** was insured by Defendant, **Ashley Distribution Services, LTD.** Defendant, **Ashley Distribution Services, LTD.,** entrusted the vehicle in question to **Kevin Louis Hill** for the purpose of operating it on the public streets and highways of Texas, and **Defendant, Kevin Louis Hill** operated the vehicle in question with the knowledge, consent and permission of Defendant, **Ashley Distribution Services, LTD.** At such time, **Kevin Louis Hill,** was incompetent and unfit to safely operate a motor vehicle on the public streets and highways. **Defendant, Ashley Distribution Services, LTD.,** knew, or in the exercise of due care, should have known, that **Defendant Kevin Louis Hill** was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property on the public streets and highways of Texas. Defendant, **Ashley Distribution Services, LTD.** is therefore negligent for entrusting the vehicle in question to **Defendant Kevin Louis Hill.**

## VIII.
## DAMAGES

9.       As a direct and proximate result of the incident in question, Plaintiff sustained severe and painful injuries to his neck and spine.

Plaintiff would show that as a result of the injuries sustained by him, he has been required to seek medical care and treatment and has incurred reasonable and necessary medical expenses in the care and treatment of his injuries in the past and he will, in all reasonable probability, continue to incur reasonable and necessary medical expenses in the treatment of his injuries in the future; he has experienced pain and suffering, mental anguish and emotional trauma in the past and he will, in all reasonable probability, continue to experience pain and suffering, mental anguish and emotional trauma in the future; he has become physically impaired and such impairment will, in all reasonable probability, remain with him for the rest of his life; he has become disabled and such disability will, in all reasonable probability, remain with him for the rest of his life.

## IX.

10.      Pleading further, if it be shown that Plaintiff was suffering from a previous injury, condition and/or disease at the time of the event in question, then such injury, condition and/or disease was aggravated as a proximate result of this occurrence.

## X.
## JURY TRIAL REQUEST

11.      Pursuant to Rule 216, TEX. R. CIV. P., Plaintiff, **Samuel Amezquita Morales** requests a trial by jury.

*Plaintiff's Original Petition with Request for Disclosures to Defendants*                                  *Page 5*

## XI.
## FOR THE ATTENTION OF THE COURT AND DEFENDANTS ONLY

12.     Served with Plaintiff's Original Petition is Plaintiff's First Request for Disclosures to

Defendants. It is Plaintiff's position that this notice is sufficient to put each Defendant and each

Defendant's counsel, if any, on notice of any and all discovery deadlines applicable to the

attached discovery requests. Pursuant to Rule 194, each Defendant herein is request to disclose

within fifty (50) days of the service of this request, the information and materials described in

Rule 194.2 a- I.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants,

individually and/or collectively be cited to appear and answer herein in accordance with the laws

of the State of Texas; and that upon hearing hereon, he have judgment of and from the

Defendants, individually and/or collectively, in the amount of his damages proved; for all costs

of Court; for pre-judgment interest as allowed by law; for post-judgment interest from the date of

judgment until paid at the legal rate as established by the Texas Revised Civil Statutes; and for

such other and further relief, both general and special, at law or in equity, to which he may show

himself to be justly entitled.

Respectfully submitted,
**LAW OFFICE OF COBY L. WOOTEN,**
**ATTORNEY AT LAW, P.C.**

COBY L. WOOTEN
State Bar No. 00797742
MATTILYN SMITH
State Bar No. 24097093
1301 Ballinger Street, Suite 100
Fort Worth, Texas 76102
(817) 632-8400

*Plaintiff's Original Petition with Request for Disclosures to Defendants*                    *Page 6*

(817) 529-2629 - FAX
coby@cobywootenlaw.com
mattilyn@cobywootenlaw.com
janice@cobywootenlaw.com
ATTORNEY FOR PLAINTIFF

# EXHIBIT B-2

# (No Document)

# EXHIBIT B-3

# (No Document)

# EXHIBIT B-4

Filed: 11/30/2020 12:00 AM
David B. Lloyd, District Clerk
Johnson County, Texas
By: Renee Alexander, Deputy

CAUSE NO. DC-C202000497

| | | |
|---|---|---|
| SAMUEL AMEZQUITA MORALES, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | 413TH JUDICIAL DISTRICT |
| | § | |
| KEVIN LOUIS HILL AND ASHLEY | § | |
| DISTRIBUTION SERVICES, LTD | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | JOHNSON COUNTY, TEXAS |

**DEFENDANTS KEVIN HILL AND ASHLEY DISTRIBUTION SERVICES,
LTD'S ANSWER TO PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants Kevin Louis Hill and Ashley Distribution Services, Ltd. ("Defendants"), Defendants in the above-referenced Cause, and, in response to Plaintiffs' Original Petition on file herein, files this their Answer, and would respectfully show the Court as follows:

**I.**

**<u>GENERAL DENIAL</u>**

1.     Subject to such stipulations and admissions as may be made hereafter, Defendants deny each and every allegation made by Plaintiff and hereby enter a general denial as is permitted by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations which he has made against Defendants.

## II.

### **AFFIRMATIVE DEFENSES**

2.      Further answering, alternatively, and by way of affirmative defense, the incident in question and Plaintiff's alleged resulting damages, if any, were the result of negligent and negligent per se, acts and/or omissions of others not under the control of Defendant, including Plaintiff Morales, whose acts or omissions were, alternatively, a proximate cause, or a contributing proximate cause, or the sole proximate cause of the incident in question and any alleged damages resulting therefrom.  Defendants, therefore, invoke the doctrine of comparative causation and proportionate responsibility as set forth in Chapter 33 of the Texas Civil Practice or Remedies Code.

3.      Further answering, alternatively, and by way of affirmative defense, in the unlikely event that any liability be found on the part of Defendants, such liability be reduced by the percentage of causation and responsibility found to have resulted from the negligence and negligence per se of others, including Plaintiff Morales.

4.      Further answering, alternatively, and by way of affirmative defense, Plaintiff's medical expenses should be limited to those actually paid or incurred on behalf of Plaintiff pursuant to Texas Civil Practice & Remedies Code § 41.0105.

## III.

## <u>REQUEST FOR DISCLOSURE</u>

5.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants hereby request that Plaintiff disclose, within thirty (30) days of service of this request, all of the information or material described in Texas Rule of Civil Procedure 194.2.

## IV.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Defendants Kevin Louis Hill and Ashley Distribution Services, Ltd. request that Plaintiff take nothing by his suit, that Defendants recover their costs on their behalf expended, and for such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

/s/ Dylan P. Savage
**MARK S. SCUDDER**
State Bar No. 17936300
**DYLAN P. SAVAGE**
State Bar No. 24075522
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
2001 BRYAN ST., SUITE 1800
DALLAS, TX 75201
(214) 871-2100
(214) 871-2111 Fax
mscudder@qslwm.com
dsavage@qslwm.com

ATTORNEYS FOR DEFENDANTS
KEVIN LOUIS HILL AND ASHLEY
DISTRIBUTION SERVICES, LTD.

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on the 30th day of November 2020 the foregoing was electronically filed in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure.

/s/ Dylan P. Savage
DYLAN P. SAVAGE

# EXHIBIT B-5



**null / ALL**
**Transmittal Number: 22269235**
**Date Processed: 11/06/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Barbara Kniess<br>Ashley Furniture Industries, Inc<br>1 Ashley Way<br>Arcadia, WI 54612-1218 |

| | |
|---|---|
| **Electronic copy provided to:** | Cherise Esposito |

| | |
|---|---|
| **Entity:** | Ashley Distribution Services, Ltd.<br>Entity ID Number  3380159 |
| **Entity Served:** | Ashley Distribution Services, Ltd. |
| **Title of Action:** | Samuel Amezquita Morales vs. Kevin Louis Hill |
| **Matter Name/ID:** | Samuel Amezquita Morales vs. Kevin Louis Hill (10643900) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Johnson County District Court, TX |
| **Case/Reference No:** | DC-C202000497 |
| **Jurisdiction Served:** | Wisconsin |
| **Date Served on CSC:** | 11/06/2020 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Mattilyn Smith<br>817-632-8400 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# State of Texas

413TH DISTRICT COURT                                                  JOHNSON COUNTY, TEXAS

DISTRICT CLERK                                                        ATTORNEY FOR PLAINTIFF(S)

DAVID R. LLOYD                                                        **MATTILYN SMITH**
GUINN JUSTICE CENTER                                                  **1301 BALLINGER STREET**
P.O. BOX 495                                                          **SUITE 100**
CLEBURNE, TEXAS 76033                                                 **FORT WORTH, TEXAS 76102**

==================================================================================
### C I T A T I O N  -  C I V I L
==================================================================================
(PLAINTIFF'S ORIGINAL PETITION)
CAUSE NO. <u>DC-C202000497</u>

NOTICE TO DEFENDANT:

YOU HAVE BEEN SUED.  YOU MAY EMPLOY AN ATTORNEY.  IF YOU OR YOUR ATTORNEY DO NOT FILE A
WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT
FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER THE SERVICE DATE OF THIS CITATION AND
PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

TO: **ASHLEY DISTRIBUTION SERVICES, LTD.**
**%REG. AGENT: CORPORATION SERVICE COMPANY**
**8040 EXCELSIOR DRIVE**
**SUITE 400**
**MADISON, WISCONSIN 53717**

DEFENDANT - GREETINGS:

You are hereby commanded to appear by filing a written answer to the plaintiff's
**O R I G I N A L**
petition by 10:00 a.m. of the Monday next following the expiration of twenty (20) days
after the service date of this citation and petition before the Honorable **413TH DISTRICT
COURT** of Johnson County, Cleburne, Texas.

Said                               **O R I G I N A L**                               petition
was filed in said court on the **28TH DAY OF AUGUST, 2020**, in this cause numbered **DC-
C202000497**, on the docket of said court, and styled:

**SAMUEL AMEZQUITA MORALES VS. KEVIN LOUIS HILL AND ASHLEY DISTRIBUTION SERVICES LTD.**

The nature of this demand is fully shown by a true and correct copy of the petition
accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to the
requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at office in Cleburne, Texas, this
**31ST DAY OF AUGUST, 2020**.

DAVID R. LLOYD - DISTRICT CLERK
413TH DISTRICT COURT
JOHNSON COUNTY, TEXAS

PROCESS SERVER

11/6/20    110P

**DATE  /  TIME**

BY

12/28/2020 2:02 PM
David R. Lloyd, District Clerk
Johnson County, Texas
By: Jennifer Vassar, Deputy

CAUSE NO. DC-C202000497

| | | |
|---|---|---|
| **SAMUEL AMEZQUITA MORALES,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **____ JUDICIAL DISTRICT** |
| | § | Johnson County - 413th District Court |
| **KEVIN LOUIS HILL &** | § | |
| **ASHLEY DISTRIBUTION** | § | |
| **SERVICES, LTD.** | § | |
| | § | |
| *Defendants* | § | **JOHNSON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Samuel Amezquita Morales, Plaintiff** herein and files this Original Petition complaining of **Defendants, Ashley Distribution Services, LTD. and Kevin Louis Hill,** (collectively hereinafter called Defendants), and for cause of action could show unto the Court the following:

## I.
## DISCOVERY CONTROL PLAN

1.     Pursuant to Rule 190.3 Tex. R. Civ. P., Plaintiff, **SAMUEL AMEZQUITA MORALES,** asserts that discovery should be conducted in this case under level 2.

## II.
## PARTIES

2.     Plaintiff **SAMUEL AMEZQUITA MORALES** is an individual residing in the state of Texas whose Social Security number is XXX-XX-X231, and whose Texas Driver's License number is XXXXX264.

2.1     Defendant, **Ashley Distribution Services, LTD.** is a corporation doing business in Texas and may be served with citation and a copy of Plaintiff's Original Petition through its registered agent, **Corporation Service Company**, 8040 Excelsior Dr. Suite 400, Madison, WI, 53717.

*Plaintiff's Original Petition with Request for Disclosures to Defendants*          *Page 1*

Pursuant to Rule 28 of the Texas Rules of Civil Procedure, if some other individual(s), partnership(s), corporation(s), association(s), or business entity(s) of any type are owned and/or operated under the name or names of the above Defendants, Plaintiff hereby demands that the appropriate entity be substituted.

2.2     Defendant, **KEVIN LOUIS HILL** is an individual residing in Texas and may be served with citation and a copy of Plaintiff's Original Petition at his residence 4732 Kristie Lane, Balch Springs, TX 75180 or wherever he may be found.

### III.
### JURISDICTION AND VENUE

3.     Venue is proper in Johnson County, Texas pursuant to § 15.002 et. seq of the Texas Civil Practices and Remedies Code since all or part of the cause of action occurred in Johnson County, Texas. Furthermore, this Court has jurisdiction over this lawsuit as the amounts sought herein are within the jurisdictional limits of this court. While amounts of damages to be awarded will be the decision made by a jury of the Plaintiff's peers, to comply with T.R.C.P. 47, as revised, Plaintiff states that he is seeking damages pursuant to Rule 47 (c)(2).

### IV.
### FACTS

4.     Plaintiff, **Samuel Amezquita Morales** would show this Honorable Court that on or about March 25, 2019, Plaintiff, **Samuel Amezquita Morales** was operating a vehicle in obedience with applicable traffic laws on US Hwy 67, Alvarado, Johnson County, Texas. Defendant, **Kevin Louis Hill** was operating a company vehicle in the course and scope of his employment, travelling in front of Plaintiff's vehicle. Defendant, **Ashley Distribution Services, LTD.** entrusted Defendant, **Kevin Louis Hill** to operate the company vehicle. Defendant, **Ashley Distribution Services, LTD.**, failed to properly inspect and maintain the company vehicle.   The drive shaft of the

*Plaintiff's Original Petition with Request for Disclosures to Defendants*                    *Page 2*

company vehicle became dislodged and fell into the street in front of Plaintiff **Samuel Amezquita Morales'** vehicle, causing him to veer to the right and hit the median. As the direct and proximate result of this collision, Plaintiff **Samuel Amezquita Morales** suffered personal injuries and damages as will be set forth more fully herein.

## V.
## SPECIFIC NEGLIGENCE OF KEVIN LOUIS HILL

5.   Plaintiff would show this Honorable Court and Jury that at the time of the occurrence in question, **Defendant Driver, Kevin Louis Hill** who was in course and scope of his employment with **Ashley Distribution Services, LTD.,** was guilty of various acts and omissions, each of which constituted negligence as a matter of law or at common law, and each of said acts and omissions, whether singularly or combined, jointly or severally, being a proximate cause of the occurrence in question. Said acts and omissions include, but are not limited to, the following:

> (1) Failure to properly inspect the vehicle to ensure it was safe to operate as a person using ordinary care would have done;
> (2) Failure to ensure that all parts and accessories were in a safe an proper operating condition at all times as a person using ordinary care would have done;
> (3) Failure to repair any defect or deficiency which would be likely to affect the safety of operation of the vehicle;
> (4) Failure to notify his employers about an unsafe condition on the vehicle as a person using ordinary care would have done;

6.    That each and all of the foregoing acts and/or omissions of negligence, taken individually, collectively, or in any combination, were directly and proximately a cause of the serious, permanently, and disabling bodily injuries and damages sustained by the PLAINTIFF.

## VI.
## RESPONDEAT SUPERIOR

7.      Under the doctrine of Respondeat Superior, **Ashley Distribution Services, LTD.**, as

employer of Defendant, **Kevin Louis Hill**, is vicariously liable for the torts that **Kevin Louis**

**Hill**, its employee, committed in the course and scope of his employment. The incident on March

25, 2019, made the basis of this lawsuit was committed in the course and scope of **Kevin Louis**

**Hill's** employment with **Ashley Distribution Services, LTD.**

## VII.
## NEGLIGENT ENTRUSTMENT

8.      Plaintiff would show that at the time of the collision in question, **Ashley Distribution**

**Services, LTD.** was the owner of a commercial vehicle being driven by Defendant Driver,

**Kevin Louis Hill.** Plaintiff would also show that vehicle that was driven by Defendant, **Kevin**

**Louis Hill** was insured by Defendant, **Ashley Distribution Services, LTD.** Defendant, **Ashley**

**Distribution Services, LTD.,** entrusted the vehicle in question to **Kevin Louis Hill** for the

purpose of operating it on the public streets and highways of Texas, and **Defendant, Kevin**

**Louis Hill** operated the vehicle in question with the knowledge, consent and permission of

Defendant, **Ashley Distribution Services, LTD.** At such time, **Kevin Louis Hill**, was

incompetent and unfit to safely operate a motor vehicle on the public streets and highways.

**Defendant, Ashley Distribution Services, LTD.,** knew, or in the exercise of due care, should

have known, that **Defendant Kevin Louis Hill** was an incompetent and unfit driver and would

create an unreasonable risk of danger to persons and property on the public streets and highways

of Texas. Defendant, **Ashley Distribution Services, LTD.** is therefore negligent for entrusting

the vehicle in question to **Defendant Kevin Louis Hill.**

**VIII.**
**DAMAGES**

9.      As a direct and proximate result of the incident in question, Plaintiff sustained severe and painful injuries to his neck and spine.

Plaintiff would show that as a result of the injuries sustained by him, he has been required to seek medical care and treatment and has incurred reasonable and necessary medical expenses in the care and treatment of his injuries in the past and he will, in all reasonable probability, continue to incur reasonable and necessary medical expenses in the treatment of his injuries in the future; he has experienced pain and suffering, mental anguish and emotional trauma in the past and he will, in all reasonable probability, continue to experience pain and suffering, mental anguish and emotional trauma in the future; he has become physically impaired and such impairment will, in all reasonable probability, remain with him for the rest of his life; he has become disabled and such disability will, in all reasonable probability, remain with him for the rest of his life.

**IX.**

10.      Pleading further, if it be shown that Plaintiff was suffering from a previous injury, condition and/or disease at the time of the event in question, then such injury, condition and/or disease was aggravated as a proximate result of this occurrence.

**X.**
**JURY TRIAL REQUEST**

11.      Pursuant to Rule 216, TEX. R. CIV. P., Plaintiff, **Samuel Amezquita Morales** requests a trial by jury.

## XI.
## FOR THE ATTENTION OF THE COURT AND DEFENDANTS ONLY

12.     Served with Plaintiff's Original Petition is Plaintiff's First Request for Disclosures to

Defendants. It is Plaintiff's position that this notice is sufficient to put each Defendant and each

Defendant's counsel, if any, on notice of any and all discovery deadlines applicable to the

attached discovery requests. Pursuant to Rule 194, each Defendant herein is request to disclose

within fifty (50) days of the service of this request, the information and materials described in

Rule 194.2 a- l.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants,

individually and/or collectively be cited to appear and answer herein in accordance with the laws

of the State of Texas; and that upon hearing hereon, he have judgment of and from the

Defendants, individually and/or collectively, in the amount of his damages proved; for all costs

of Court; for pre-judgment interest as allowed by law; for post-judgment interest from the date of

judgment until paid at the legal rate as established by the Texas Revised Civil Statutes; and for

such other and further relief, both general and special, at law or in equity, to which he may show

himself to be justly entitled.

Respectfully submitted,
**LAW OFFICE OF COBY L. WOOTEN,
ATTORNEY AT LAW, P.C.**

COBY L. WOOTEN
State Bar No. 00797742
MATTILYN SMITH
State Bar No. 24097093
1301 Ballinger Street, Suite 100
Fort Worth, Texas 76102
(817) 632-8400

(817) 529-2629 - FAX
coby@cobywootenlaw.com
mattilyn@cobywootenlaw.com
janice@cobywootenlaw.com
ATTORNEY FOR PLAINTIFF